UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HOWARD McNELLEY<br>138 Idaho Drive<br>Elyria, Ohio 44035<br><br>on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>ALDI, INC.<br>1200 N. Kirk Road<br>Batavia, Illinois 60510<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**
**(With Jury Demand)**

Now comes Plaintiff, Howard McNelley, by and through counsel, and for his Complaint against Defendant ALDI, Inc. ("ALDI"), states and alleges the following:

**INTRODUCTION**

1. This "collective action" challenges Defendant's practices and policies of misclassifying Plaintiff and other similarly-situated employees as "exempt" employees, and not paying them overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they work over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's FLSA claims and this collective action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Lorain County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At times relevant herein, Defendant, while headquartered in Batavia, Illinois, conducts business activities and operates stores in many cities and states nationwide, including in this District and Division.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. Defendant is the joint employer of Plaintiff and other similarly-situated employees together with one of its various subsidiaries, pursuant to 29 U.S.C. §§ 203(r) and 207(b).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## **FACTUAL ALLEGATIONS**

### **Failure to Pay Overtime Compensation**

13.     ALDI is a discount supermarket chain that operates more than 8,000 stores worldwide, including over 1,000 in the United States.

14.     Plaintiff was employed by Defendant between approximately September 1998 and June 30, 2009.

15.     Plaintiff was employed as a Store Manager for approximately 9 years before his employment with Defendant was terminated.

16.     Plaintiff and other similarly-situated employees were employed by Defendant as Store Managers.

17.     Plaintiff was employed as a Store Manager at Defendant's Brooklyn, Ohio store.

18.     Other similarly-situated employees were and are employed at Defendant's 1,000+ stores in 29 states, from Kansas to the East Coast.

19.     Plaintiff and other similarly-situated Store Managers were uniformly paid a salary wage, and were uniformly classified by Defendant as "exempt" from the FLSA's overtime requirements.

20.     The primary duties of Plaintiff and other similarly-situated Store Managers were stocking shelves with food, operating the cash register, cleaning the store and performing customer service.

21.     Plaintiff and other similarly-situated Store Managers did not engage in management.

22.     Plaintiff and other similarly-situated Store Managers did not direct the work of two or more employees.

23.     Plaintiff and other similarly-situated Store Managers did not have authority to

3

hire, fire, or promote employees.

24. Plaintiff and other similarly-situated Store Managers did not perform work directly related to the management or general business operations of Defendant.

25. Plaintiff and other similarly-situated Store Managers did not exercise discretion and independent judgment with respect to matters of significance.

26. Plaintiff and other similarly-situated Store Managers regularly worked over 40 hours a week, but Defendant failed to pay them overtime compensation for the hours they worked over 40 in a workweek.

27. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated Store Managers overtime compensation for the hours they worked in excess of 40 hours in a workweek.

28. When Plaintiff was terminated on June 30, 2009, he was offered and signed a Release, Waiver and Settlement Agreement which purported to release certain claims. Said Agreement does not list FLSA claims among the released claims, and expressly excludes from the Agreement any claims which cannot be waived by law. Any purported release of FLSA claims would have been unenforceable as a matter of law. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (1981) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)).

### Failure to Keep Accurate Records

29. Defendant failed to make, keep and preserve records of the hours worked by Plaintiff and other similarly-situated Store Managers.

30. As a result of Defendant's record-keeping practices, the work performed by Plaintiff and other similarly-situated Store Managers is unrecorded in Defendant's time and earnings records.

4

## **COLLECTIVE ACTION ALLEGATIONS**

31. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

32. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current salaried Store Managers employed by ALDI, Inc. nationwide at any time between August 10, 2006 and the present.

33. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 1,000 persons.

34. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own interests in bringing this action.

35. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Defendant's practice and policy of misclassifying Plaintiff and other similarly-situated employees as exempt violated the FLSA, 29 U.S.C. §§ 201-219.

38. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for the hours they work in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

39. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 CFR 516.2(a)(7).

40. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

41. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

42. Plaintiff and other similarly-situated employees were denied additional overtime compensation based on bonuses that should have been included in the calculation of their regular rates of pay pursuant to the FLSA, 29 U.S.C. § 207 and 29 CFR § 778.209(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all those similarly situated collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid overtime compensation;

D. Award Plaintiff and the class he represents liquidated damages in an amount equal to the unpaid overtime compensation found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

| **COHEN ROSENTHAL & KRAMER LLP** | **THE LAZZARO LAW FIRM, LLC** |
|---|---|
| /s/ Jason R. Bristol | /s/ Anthony J. Lazzaro |
| Jason R. Bristol (0072989) | Anthony J. Lazzaro (0077962) |
| jbristol@crklaw.com | anthony@lazzarolawfirm.com |
| Thomas A. Downie (0033119) | 920 Rockefeller Building |
| tdownie@crklaw.com | 614 W. Superior Avenue |
| The Hoyt Block Building – Suite 400 | Cleveland, Ohio 44113 |
| 700 West St. Clair Avenue | 216-696-5000 [Telephone] |
| Cleveland, Ohio 44113 | 216-696-7005 [Facsimile] |
| 216-781-7956 [Telephone] | |
| 216-781-8061 [Facsimile] | |

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

                                        /s/ Jason R. Bristol
                                        One of the Attorneys for Plaintiff