UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOWARD McNELLEY | ) | |
| 138 Idaho Drive | ) | |
| Elyria, Ohio 44035 | ) | |
| | ) | |
| on behalf of himself and all others similarly situated, | ) | CASE NO.:  09-CV-01868 |
| | ) | |
| | ) | Judge Patricia A. Gaughan |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALDI, INC. | ) | |
| 1200 N. Kirk Road | ) | |
| Batavia, Illinois 60510, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Aldi Inc., pursuant to Fed. R. Civ. P. 8 and 12, states as follows for its Answer

and Affirmative Defenses to Plaintiff's Complaint:

## INTRODUCTION

**COMPLAINT ¶ 1:**

This "collective action" challenges Defendant's practices and policies of misclassifying
Plaintiff and other similarly-situated employees as "exempt" employees, and not paying them
overtime compensation at the rate of one and one-half times their regular rate of pay for the
hours they work over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"),
29 U.S.C. §§ 201-219.

**ANSWER:**

Defendant admits that Plaintiff's lawsuit purports to challenge Defendant's classification

of Plaintiff as exempt under the Fair Labor Standards Act (FLSA), and also that it purports to

claim that Plaintiff should have received overtime compensation.  Defendant further admits that

Plaintiff purports to bring this suit on behalf of a group of allegedly "similarly-situated"

employees.  Defendant denies the remaining allegations in this paragraph and states affirmatively that it did not violate the Fair Labor Standards Act in any way.

## JURISDICTION AND VENUE

### COMPLAINT ¶ 2:

The Court has jurisdiction over Plaintiff's FLSA claims and this collective action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

### ANSWER:

Defendant admits that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, but denies the remaining allegations in this paragraph.

### COMPLAINT ¶ 3:

Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

### ANSWER:

Defendant admits that venue is proper in this jurisdiction, but denies the remaining allegations in this paragraph.

## PARTIES

### COMPLAINT ¶ 4:

At all times relevant herein, Plaintiff was a citizen of the United States and resident of Lorain County, Ohio.

### ANSWER:

Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph.

### COMPLAINT ¶ 5:

At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

CH1 11789521.1

**ANSWER:**

Defendant admits that Plaintiff was one of its employees during the FLSA's statute of limitations period, but denies the remaining allegations in this paragraph.

**COMPLAINT ¶ 6:**

At times relevant herein, Defendant, while headquartered in Batavia, Illinois, conducts business activities and operates stores in many cities and states nationwide, including in this District and Division.

**ANSWER:**

Defendant admits the allegations in this paragraph.

**COMPLAINT ¶ 7:**

At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

**ANSWER:**

Defendant admits the allegations in this paragraph.

**COMPLAINT ¶ 8:**

Defendant is the joint employer of Plaintiff and other similarly-situated employees together with one of its various subsidiaries, pursuant to 29 U.S.C. §§ 203(r) and 207(b).

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 9:**

At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

**ANSWER:**

Defendant admits the allegations in this paragraph.

**COMPLAINT ¶ 10:**

At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

CH1 11789521.1

**ANSWER:**

Defendant admits the allegations in this paragraph.

**COMPLAINT ¶ 11:**

At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**ANSWER:**

Defendant admits the allegations in this paragraph.

**COMPLAINT ¶ 12:**

Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Defendant admits that Plaintiff pledges to comply with 29 U.S.C. § 216(b) in the event

conditional certification is granted, but denies the remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

### Failure to Pay Overtime Compensation

**COMPLAINT ¶ 13:**

ALDI is a discount supermarket chain that operates more than 8,000 stores worldwide, including over 1,000 in the United States.

**ANSWER:**

Aldi admits that it operates over 1,000 stores in the United States and thousands more

worldwide.

**COMPLAINT ¶ 14:**

Plaintiff was employed by Defendant between approximately September 1998 and June 30, 2009.

**ANSWER:**

Aldi admits the allegations in this paragraph.

4

**COMPLAINT ¶ 15:**

Plaintiff was employed as a Store Manager for approximately 9 years before his employment with Defendant was terminated.

**ANSWER:**

Aldi admits that Plaintiff was employed as a Store Manager for approximately 8 years before his employment with Defendant was terminated.

**COMPLAINT ¶ 16:**

Plaintiff and other similarly-situated employees were employed by Defendant as Store Managers.

**ANSWER:**

Aldi admits that Plaintiff was employed by Defendant as Store Manager during the FLSA's state of limitations period, but denies the remaining allegations in this paragraph.

**COMPLAINT ¶ 17:**

Plaintiff was employed as a Store Manager at Defendant's Brooklyn, Ohio store.

**ANSWER:**

Aldi admits the allegations in this paragraph.

**COMPLAINT ¶ 18:**

Other similarly-situated employees were and are employed at Defendant's 1,000+ stores in 29 states, from Kansas to the East Coast.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 19:**

Plaintiff and other similarly-situated Store Managers were uniformly paid a salary wage, and were uniformly classified by Defendant as "exempt" from the FLSA's overtime requirements.

5

**ANSWER:**

Defendant admits that Plaintiff was paid in part on a salary and was classified as exempt from the FLSA's overtime requirements.  Defendant denies the remaining allegations in this paragraph.

**COMPLAINT ¶ 20:**

The primary duties of Plaintiff and other similarly-situated Store Managers were stocking shelves with food, operating the cash register, cleaning the store and performing customer service.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 21:**

Plaintiff and other similarly-situated Store Managers did not engage in management.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 22:**

Plaintiff and other similarly-situated Store Managers did not direct the work of two or more employees.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 23:**

Plaintiff and other similarly-situated Store Managers did not have authority to hire, fire, or promote employees.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 24:**

Plaintiff and other similarly-situated Store Managers did not perform work directly related to the management or general business operations of Defendant.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 25:**

Plaintiff and other similarly-situated Store Managers did not exercise discretion and independent judgment with respect to matters of significance.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 26:**

Plaintiff and other similarly-situated Store Managers regularly worked over 40 hours a week, but Defendant failed to pay them overtime compensation for the hours they worked over 40 in a workweek.

**ANSWER:**

Defendant admits that Plaintiff had occasion to work in excess of 40 hours a week during

the statute of limitations period.  Defendant further admits that it did not pay an overtime

premium to Plaintiff for hours worked over 40 since he was an exempt employee under the Fair

Labor Standards Act.  Defendant denies the remaining allegations in this paragraph.

**COMPLAINT ¶ 27:**

Defendant knowingly and willfully failed to pay Plaintiff and other similarly- situated Store Managers overtime compensation for the hours they worked in excess of 40 hours in a workweek.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 28:**

When Plaintiff was terminated on June 30, 2009, he was offered and signed a Release, Waiver and Settlement Agreement which purported to release certain claims.  Said Agreement does not list FLSA claims among the released claims, and expressly excludes from the Agreement any claims which cannot be waived by law.  Any purported release of FLSA claims would have been unenforceable as a matter of law.  *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (1981) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)).

**ANSWER:**

Defendant admits that on June 30, 2009, Plaintiff was offered and signed a release of certain claims.  Defendant further admits that the release does not list FLSA claims among the released claims, and expressly excludes any claims which cannot be waived by law.  The remaining allegation in this paragraph is a legal conclusion for which no answer is required.

### Failure to Keep Accurate Records

**COMPLAINT ¶ 29:**

Defendant failed to make, keep and preserve records of the hours worked by Plaintiff and other similarly-situated Store Managers.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 30:**

As a result of Defendant's record-keeping practices, the work performed by Plaintiff and other similarly-situated Store Managers is unrecorded in Defendant's time and earnings records.

**ANSWER:**

Defendant denies the allegations in this paragraph.

### COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶ 31:**

Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

**ANSWER:**

Defendant admits that Plaintiff purports to bring Count I on behalf of other "similarly situated" employees but denies the remaining allegations in this paragraph.

CH1 11789521.1

**COMPLAINT ¶ 32:**

The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current salaried Store Managers employed by
> ALDI, Inc. nationwide at any time between August 10, 2006 and
> the present.

**ANSWER:**

Defendant admits that Plaintiff purports to seek to represent and send "opt-in" notices to a group of former and current Store Managers, but denies the remaining allegations in this paragraph.

**COMPLAINT ¶ 33:**

Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 1,000 persons.

**ANSWER:**

Defendant admits that Plaintiff is unable the state the exact size of the potential class and admits that the potential class, as defined by Plaintiff in Paragraph 32, may exceed 1,000 persons.  Defendant denies the remaining allegations in this paragraph.

**COMPLAINT ¶ 34:**

This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own interests in bringing this action.

**ANSWER:**

Defendant admits that Plaintiff purports to bring this action on behalf of himself and a group of allegedly similarly situated employees, but denies the remaining allegations in this paragraph.

**COMPLAINT ¶ 35:**

These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COUNT ONE**
**(Fair Labor Standards Act Violations)**

**COMPLAINT ¶ 36:**

Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

**ANSWER:**

Defendant repeats and restates its responses to each and every allegation of paragraph 1

through 35 of the Complaint.

**COMPLAINT ¶ 37:**

Defendant's practice and policy of misclassifying Plaintiff and other similarly- situated employees as exempt violated the FLSA, 29 U.S.C. §§ 201-219.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 38:**

Defendant's practice and policy of not paying Plaintiff and other similarly- situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for the hours they work in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 39:**

Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 CFR 516.2(a)(7).

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 40:**

By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 41:**

As a result of Defendant's practices and policies, Plaintiff and other similarly- situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶ 42:**

Plaintiff and other similarly-situated employees were denied additional overtime compensation based on bonuses that should have been included in the calculation of their regular rates of pay pursuant to the FLSA, 29 U.S.C. § 207 and 29 CFR § 778.209(a).

**ANSWER:**

Defendant denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

1.    At all times Defendant has acted in good faith compliance with the FLSA, and has had reasonable grounds for believing it is in compliance with the FLSA.

2.    The claims of Plaintiff and/or others are barred to the extent that they are outside the applicable statutes of limitation period.

CH1 11789521.1

3.      The claims of Plaintiff and/or others are barred because they were properly classified as exempt from the minimum wage and/or overtime requirements of the FLSA.

4.      To the extent Plaintiff and/or others are entitled to any back pay, the wages Defendant paid them constituted compensation for all hours worked.

5.      Defendant presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, affirmative defenses.  Defendant therefore reserves the right to assert such additional affirmative defenses in the event discovery or further proceedings indicate such defenses would be appropriate.

**DATED:  August 31, 2009.**                Respectfully submitted,

                                            ALDI INC.


                                            By   */s/ Richard Millisor*
                                                     One of Its Attorneys

Noah A. Finkel (Pro hac vice application to be filed)
Scott M. Paler (Pro hac vice application to be filed)
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois  60603
(312) 460-5000 (telephone)
(312) 460-7000 (facsimile)

Richard Millisor
Millisor & Nobil Co., L.P.A.
9150 South Hills Boulevard, Suite 300
Broadview Heights, OH 44147-3599
Phone: (440) 838-8800 Ext. 2146
Fax: (440) 838-8805

CH1 11789521.1

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2009, a copy of the foregoing Defendant's Answer And Affirmative Defenses To Plaintiff's Complaint was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

Jason R. Bristol
Thomas A. Downie
COHEN ROSENTHAL & KRAMER LLP
The Hoyt Block Building - Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
jbristol@crklaw.com
tdownie@crklaw.com

Anthony J. Lazzaro
THE LAZZARO LAW FIRM, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
anthony@lazzarolawfirm.com

*/s/ Richard Millisor*
Richard Millisor