**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Howard McNelley,** | ) | **CASE NO. 1:09 CV 1868** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **ALDI, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs (Doc. 16). This is a Fair Labor Standards Act (hereinafter "FLSA") dispute. For the following reasons, plaintiff's motion is GRANTED.

**FACTS**

Plaintiff, Howard McNelley, a former ALDI Store Manager, brings this action against defendant ALDI, Inc., an international grocery retailer, alleging that defendant has violated the FLSA by wrongfully classifying him as an exempt employee under the FLSA and failing to pay

him overtime wages for hours worked in excess of 40 hours per week. Plaintiff is pursuing this claim as a representative plaintiff on behalf of himself and other similarly situated employees in a collective action under 29 U.S.C. § 216(b), which requires that employees affirmatively consent to become parties to the suit, or "opt into" the suit.

Plaintiff worked as a Store Manager for defendant from September 1998 through June 2009 in defendant's Brooklyn, Ohio store. Plaintiff alleges that although defendant paid him a salary and classified him and other similarly situated salaried Store Managers as exempt from the FLSA's overtime pay requirements (hereinafter "Store Managers"), he and the other Store Managers primarily engaged in the following duties: stocking shelves with food, operating the cash register, cleaning the store, and performing customer service. Plaintiff alleges that neither he nor the other Store Managers engaged in management; directed the work of two or more employees; had the authority to hire, fire, or promote employees; performed work directly related to management or general business operations of defendant; or exercised discretion and independent judgment with respect to matters of significance. He further alleges that he and the other Store Managers routinely worked more than 40 hours per week, and that defendant failed to keep records of the hours that he and the other Store Managers worked.

The complaint contains one claim for a violation of the FLSA seeking unpaid overtime compensation. Plaintiff now moves for conditional certification of this suit as a collective action and an order implementing a procedure to notify prospective opt-in plaintiffs of the suit and to give them an opportunity to join. Plaintiff also moves for expedited discovery of the identity, contact information, and relevant employment dates of current and former salaried Store Managers who were employed between August 10, 2006 and the present, in order to provide

them with notice. In support of his motion, plaintiff submits a declaration stating that he and the other Store Managers are similarly situated. The declarations of seven other former Store Managers stating they are similarly situated to plaintiff and to other current and former Store Managers have been filed separately. Plaintiff also provides a Store Manager Job Description and Service Instructions (hereinafter "Store Manager Job Description"), which applies to all Store Managers. Defendant opposes conditional certification, and submits in support of its opposition thirty-three declarations from current Store Managers.

**ANALYSIS**

**A.     Plaintiff's Motion for Conditional Certification**

The FLSA provides that employers must pay employees one and a half times their regular wages for hours worked in excess of forty per week. 29 U.S.C. § 207(a). Certain employees are exempt from this requirement, including employees who are

> employed in a bona fide executive, administrative, or professional capacity . . . ( . . .except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

29 U.S.C. § 213(a)(1).

An employee may sue for violations of the FLSA on his or her own behalf and as a representative plaintiff on behalf of similarly situated employees. 29 U.S.C. § 216(b). The similarly situated employees must opt into the lawsuit by "giv[ing] [their] consent in writing to become such [] part[ies] and such consent [must be] filed in the court in which such action is

brought." *Id.* This type of suit is called a "collective action." A district court may, in its discretion, facilitate notice of the collective action to potential opt-in plaintiffs to efficiently adjudicate the FLSA collective action. *See Hoffman-La Rouche Inc. v. Sperling,* 493 U.S. 165, 170 (1989).

Prior to determining whether an action may proceed as a collective action, a court must determine whether the prospective opt-in plaintiffs are similarly situated. *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 546-47 (6th Cir. 2006) (internal citations omitted). Courts generally use a two-stage approach to determine this issue. *Id. See also Monroe v. FTS USA, LLC,* 257 F.R.D. 634, 637 (W.D. Tenn. 2009); *Murton v. Measurecomp, LLC,* No. 1:07CV3127, 2008 U.S. Dist. LEXIS 108060, at \*6-7 (N.D. Ohio June 9, 2008). In the first stage, before discovery is complete, a court may conditionally certify a class as a collective action for notice purposes. In the second stage, after discovery is complete, a court makes a final determination on whether class members are similarly situated based on a thorough review of the record. *Murton,* 2008 U.S. Dist. LEXIS 108060 at \*6. Thus, conditional certification is "by no means final." *Comer,* 454 F.3d at 546 (internal quotations omitted).

For an action to be conditionally certified as a collective action, a plaintiff must show only that "his position is similar, not identical, to the positions held by the putative class members." *Id.* at 547. This is a lenient standard that requires a "modest factual showing" that the representative plaintiff and prospective opt-in plaintiffs are similarly situated. *Id.* (internal citations and quotations omitted). Courts have also held that a plaintiff's right to proceed collectively may be denied only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable, rule, policy, or practice. *Noble,* 2009 WL

4

3154252 at *3; *Murton,* 2008 U.S. Dist. LEXIS 108060 at *11. Although some courts have held that the representative plaintiff must show that he and the prospective opt-in plaintiffs were the victims of a common policy or plan that violated the law, the Sixth Circuit has recently held that even at the final certification stage "[s]howing a 'unified policy' of violations is not required." *O'Brien v. Ed Donnelly Ent., Inc.,* 575 F.3d 567, 584 (6th Cir. 2009) (citing *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1095 (11th Cir. 1996)); *Noble v. Serco, Inc.,* No. 3:08-76-DCR, 2009 WL 3154252, at *2 (N.D. Ohio Sept. 28, 2009) (same). Given the lenient standard, a court does not resolve factual disputes or make credibility determinations at this stage. *Monroe,* 257 F.R.D. at 637. This lenient standard "typically results in conditional certification of a representative class." *Comer,* 454 F.3d at 547 (internal quotations and citations omitted).

      Plaintiff argues that he is similarly situated to other current and former salaried Store Managers employed by defendant nationwide at any time between August 10, 2006 and the present time (for purposes of this Memorandum, hereinafter "the class"). In support of his argument, plaintiff alleges in the complaint and submits a declaration that he and the class were employed as salaried Store Managers, had the same job duties, were classified by defendant as exempt from FLSA's overtime requirements, and were not paid any overtime compensation for any hours they worked over 40 in a work week. Plaintiff also argues and states in his declaration that he is similarly situated to the class because neither he nor the class customarily and regularly directed the work of two or more other employees, performed work directly related to management or general business operations, exercised discretion and independent judgment with respect to matters of significance, or had a primary duty of managing. Plaintiff further asserts that he and the class are similarly situated because more than 90% of their job duties were

5

manual or non-management tasks. Plaintiff also submits seven separate declarations of former Store Managers that state the same facts. Finally, plaintiff submits defendant's Store Manager Job Description, which is applicable to all Store Managers, to show that plaintiff and the class are similarly situated.

Defendant responds that plaintiff has not made a modest factual showing of a common plan or policy that violates the FLSA. Defendant argues that the seven declarations of current and former Store Managers, for a potential class of 1,386 current and former Store Managers, does not rise to the level of a modest factual showing. Defendant also argues that the declarations are conclusory and in some instances false, and that the declarations misrepresent the criteria for exemption from the FLSA overtime pay requirements. Defendant also claims the Store Manager Job Description shows that defendant's Store Managers are properly classified as exempt from FLSA overtime pay requirements. Defendant submits declarations of 33 current Store Managers that it argues show Store Managers do not perform their jobs in the same way, and the Store Managers' primary duty is management, thus making conditional certification inappropriate.

Upon review, the Court finds that plaintiff has met his burden of making a modest factual showing that he and the class are similarly situated. The complaint contains substantial allegations of an FLSA violation. Plaintiff alleges that neither plaintiff nor the class performed sufficient managerial functions to qualify as exempt from the FLSA's overtime pay requirement. Plaintiff's declaration supports these allegations. The declarations of the former Store Managers are consistent with plaintiff's declarations, and the Store Manager Job Description is equally applicable to all Store Managers. All Store Managers have the same duties and responsibilities

regardless of location. Those duties and responsibilities include both managerial and non-managerial functions. The complaint, plaintiff's declaration, the former Store Managers' declarations, and the Store Manager Job Description, taken together, are sufficient to meet plaintiff's burden of showing that he is similarly situated to the class. *See, e.g., Monroe,* 257 F.R.D. at 638; *Jackson v. Papa John's USA, Inc.,* No. 1:08 CV 2791, 2009 WL 385580, at *4-5 (N.D. Ohio Feb. 13, 2009).

Although defendant argues that plaintiff has not produced evidence of a common plan or policy that violates the FLSA, such a showing is not required under the lenient standard for conditional certification. As noted above, the Sixth Circuit has recently held that a common plan or policy that violates the FLSA need not be shown even at the final stage of certification. *O'Brien,* 575 F.3d at 584. Plaintiff need only show that he is similarly situated to the class, which he has done. Moreover, the Court finds the plaintiff has also shown that this action does not arise from circumstances purely personal to plaintiff, but from a generally applicable rule, policy, or practice, as indicated by the former Store Managers' declarations and the company-wide Store Manager Job Description.

Defendant also argues that the seven declarations of former Store Managers are insufficient to make a modest factual showing when the class potentially numbers in excess of 1,300 plaintiffs. Courts in this Circuit, however, have granted conditional certification based on fewer declarations. *See Jackson,* 2009 WL 385580 at *3 (court granted conditional certification based on plaintiff's declaration, declarations of two putative opt-in plaintiffs, a description of job duties, and training program documents for a class estimated at around 1000 persons); *Murton,* 2008 U.S. Dist. LEXIS 108060 at *3-4, 10 (court granted conditional certification based on

plaintiff's declaration, declaration of one opt-in plaintiff which attached a letter acknowledging some employees may have worked overtime, and a deposition transcript of an employee for a class of "several hundred individuals").  Defendant has not cited to any authority requiring a minimum number of declarations, nor would such a requirement be appropriate given that the parties have not yet engaged in discovery to identify the class members.

Defendant also argues that the declarations are insufficient because they are conclusory, were prepared from "copycat declaration templates," and in some instances are false.  At this stage in the case, the Court does not make credibility determinations, and each declaration states under penalty of perjury that the statements are true and based on personal knowledge.  The declarations need not meet the same evidentiary standards required for summary judgment.  *Monroe,* 257 F.R.D. at 639.  Further, the declarations are consistent with the allegations in the complaint and with plaintiff's declaration.  Although the declarations are short and substantially the same, potential opt-in plaintiffs are not required to make a lengthy detailed declaration in their own words or without the assistance of counsel.  At least two cases, in fact, have noted that the uniformity of class declarations may be evidence supporting conditional certification.  *See Noble,* 2009 WL 3154252 at *3 ("[W]here the declarants have had similar experiences, it is not necessary that each of them come up with a creative way to state the allegations. . . .[A]t least one court . . . has held that uniformity among plaintiffs' statements may itself be evidence supporting conditional certification." (citing *Mathews v. ALC Partner, Inc.,* No. 2:08 CV 10636, 2009 U.S. Dist. LEXIS 75097, at *12-13 (E.D. Mich. Aug. 29, 2009) ("The Court agrees that the affidavits are concise and somewhat sparse.  But this does not render them insubstantial.  In particular, the uniformity that [the defendant] derides is in the Court's view a substantial

8

indicator in favor of the plaintiffs being similarly situated."))).

Defendant also submits numerous declarations of current Store Managers which it claims show that Store Managers have varied work experiences and have the primary duty of management. Defendant argues that its Store Managers work under factually disparate circumstances making the inquiry of whether they are entitled to overtime compensation under FLSA dependent on an individualized fact-specific analysis and, therefore, unsuitable for certification as a collective action. Defendant cites case law from other jurisdictions where courts have declined to conditionally certify a collective action based on the differing circumstances of potential opt-in plaintiffs; however, the Sixth Circuit has recently noted that the factual and employment settings of individual plaintiffs are generally considered in a final certification decision. *O'Brien,* 575 F.3d at 584. *See also Noble,* 2009 WL 3154252 at \*4. Thus, the Court declines to deny conditional certification on the basis of defendant's current Store Managers' declarations. Additionally, whether the Store Managers have the primary duty of managing goes to the merits of plaintiff's FLSA claim, and the Court will not consider this issue in determining whether to grant conditional certification. *See Monroe,* 257 F.R.D. at 638 ("While Defendants contend that the compensation system is not illegal, this court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs are similarly situated."). Accordingly, the Court finds that plaintiff and the class are similarly situated and plaintiff's motion for conditional certification is granted.

**B.     Plaintiff's Motion for Expedited Opt-In Discovery and Court-Supervised Notice to Potential Opt-In Plaintiffs**

Plaintiff also moves for expedited discovery of potential opt-in plaintiffs and for court-supervised notice to potential opt-in plaintiffs. Defendant has raised no objections to this

9

motion. Plaintiff's motion, therefore, is granted.[1]

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs is GRANTED.

The Court GRANTS conditional certification of plaintiff's proposed collective action:

> All former and current salaried Store Managers employed by
> ALDI, Inc. nationwide at any time between August 10, 2006 and
> the present.

The Court ORDERS defendant, within 15 days of this Order, to answer plaintiff's expedited opt-in discovery dated September 15, 2009,[2] and to provide to plaintiff a list containing the name, last known home address (including zip code), and last known telephone number of all former and current salaried Store Managers employed by ALDI, Inc. nationwide at any time between August 10, 2006 and the present.

The Court further ORDERS the parties, within 10 days of this Order, to submit to the Court proposed language for notification and consent forms to be issued by the Court apprising potential plaintiffs of their rights under the FLSA to opt in as parties to this litigation. In drafting

---

[1] The Court has reviewed the letter and supporting materials (Doc. 21) submitted by plaintiff's counsel regarding defendant's notice of this action to its current Store Managers. The Court finds that defendant's communication to its Store Managers, while unilateral and unsupervised, does not rise to the level of a misleading communication which sabotages the goal of informed consent, confuses potential plaintiffs, or adversely affects the administration of justice, unlike the circumstances in the cases cited by plaintiff. *See Kleiner v. First Nat'l Bank of Atlanta,* 751 F.2d 1193, 1203 (11th Cir. 1985); *Erhardt v. Prudential Gp., Inc.,* 629 F.2d 843, 846 (2d Cir. 1980). The Court finds no remedial action is required.

[2] The Court notes that plaintiff has made a typographical error in his expedited opt-in discovery, as he requested information dating from August 10, 2009 to the present. Plaintiff clearly intended to request information dating from August 10, 2006, and the parties shall proceed on that basis.

the proposed notification language, the parties should "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-LaRoche,* 493 U.S. at 174.

IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                           PATRICIA A. GAUGHAN
                                           United States District Judge

Dated: 11/16/09