UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HOWARD McNELLEY** | ) | Case No. 1:09-cv-01868-PAG |
| | ) | |
| **Plaintiff,** | ) | **Judge Patricia A. Gaughan** |
| | ) | |
| v. | ) | Magistrate Vecchiarelli |
| | ) | |
| **ALDI, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

Pursuant to Rule 26 and Rule 29 of the Federal Rules of Civil Procedure, it is hereby agreed by and between Plaintiff, Howard McNelley ("Plaintiff"), and Defendant, Aldi Inc. ("Defendant"), and hereby ordered that:

1. This Joint Stipulated Confidentiality and Protective Order (the "Order") governs the handling of all documents, testimony, and other information, including all copies, excerpts, and summaries thereof, defined below as "Confidential Material," and produced, given, or filed during discovery and other proceedings in this action.

2. For purposes of this Order, "Confidential Material" means trade secrets or other non-public proprietary, strategic, or commercial information, data, policies, or practices of Defendant.

3. Any party may designate as "Confidential" any material that it produces in the course of litigation (including appeals) when such party (in the case of a corporate party, through counsel) in good faith believes that such material constitutes "Confidential Material" as defined in paragraph 2. Confidential Material may only be used in connection with "This Litigation." For purposes of this Order, the term "This Litigation" means McNelley v. Aldi, Inc., Case No.

-2-

1:09-cv-01868-PAG in the U.S. District Court for the Northern District of Ohio ("McNelley"); Lau v. ALDI, Inc. (Kansas), originally commenced as Case No. 8:09-cv-00219 in the U.S. District Court for the District of Nebraska; other related actions commenced by McNelley's counsel in federal or state court involving Aldi's failure to pay overtime compensation to Store Managers or persons substituting for Store Managers for hours worked over 40 hours per workweek; and any appeals of such actions; provided, however, that before Confidential Material may be used in an action other than McNelley, a Protective Order substantively identical to this Order or otherwise acceptable to Aldi's counsel must be agreed upon by the parties and entered by the court.

    4.    Confidential Material may be inspected only by the parties, employees of the parties, witnesses of the parties, counsel of record for the parties, counsels' employees, designated persons who may be retained by the parties to furnish expert services or advice or to give expert testimony in this action, the Court, and the jury. Any additional disclosure of Confidential Material shall take place only pursuant to agreement of counsel or, absent agreement, pursuant to further order of this Court upon motion. Should Confidential Material be comingled in a document that includes information that is not Confidential Material, only the Confidential Material shall be protected. Should the document need to be inspected or produced to someone other than the individuals identified in this paragraph, or filed with the Court, the Confidential Material in the document will be redacted and the remaining portions of the document can be inspected, produced and/or filed with the Court.

    5.    Confidential Material shall be designated as follows:

    (a)    With regard to documents, the designation shall be made by placing "Confidential" on the pages of any such document before the production of the document(s).

    (b)    With regard to deposition transcripts or exhibits that contain or constitute "Confidential Material" as defined in paragraph 2, the designation can be made by any party, no later than 30 business days after receipt of the deposition transcript, by providing notice in writing to the other party that all or any portion of the deposition transcript be designated as "Confidential" under the terms of this Order. Prior to the expiration of this 30-day period, all such transcripts or exhibits, in whatever form, shall be deemed to be "Confidential" under the terms of this Order. All copies of deposition transcripts that contain Confidential Material shall be prominently marked "Confidential" on the cover thereof.

6.    Before the disclosure of any Confidential Material to the parties, employees of the parties, witnesses of the parties, and the parties' expert(s) pursuant to paragraph 4, counsel for the party receiving Confidential Material shall provide a copy of this Order to such individual, and shall inform him or her that neither the Confidential Material nor the contents thereof may be disclosed to third parties, that the Confidential Material must remain in that person's custody until returned to counsel, that the Confidential Material is being disclosed pursuant to the terms, conditions, and restrictions of this Order, and that that person may not use the Confidential Material or contents thereof except for the purpose of this action and as permitted by this Order or further order of the Court.

7.    If either party wishes to file with the Court any information or documents which the other party has designated as "Confidential," such material shall be filed under seal in accordance with Local Rule 5.2. Pursuant to paragraph 11 below, this paragraph shall not apply to the use of any Confidential Material at trial, or in conjunction with the filing or responding to a motion for summary judgment, although either party may seek a further order from the Court with regard to such issues if appropriate.

8.    No party concedes that any material designated by any other party as Confidential Material does in fact contain or reflect confidential information, trade secrets, proprietary information, private or sensitive information, or has been properly designated as Confidential

Material. Any party may, after 15 days' advance written notice to the other party, move the Court for modification of or relief from this Order.

9. Within 30 days after the entry of a final judgment in this litigation, including appeals or petitions for review, counsel for the party who received Confidential Material shall return all copies of the Confidential Material received hereunder to, and at the cost of, counsel for the party who produced the Confidential Material. With respect to any notes, summaries, digests, and synopses of Confidential Material prepared by a party's counsel, such materials need not be returned to the producing Party in accordance with this provision, but the same shall be subject to this Order both during the pendency of this litigation and after final judgment is entered herein.

10. The termination of proceedings in this action shall not relieve any person to whom Confidential Material has been disclosed from the obligations of this Order, unless the Court orders otherwise.

11. Subject to paragraphs 4 and 7 above, in the event that any Confidential Material is used in any Court proceeding herein, it shall not lose its confidential status through such use, and the parties shall take such steps reasonably required to protect its confidentiality during such use. Further, the parties understand that should any Confidential Material be introduced at trial, it will not be redacted or otherwise protected at that point.

12. Nothing herein shall preclude Plaintiffs or Defendant from seeking and obtaining, upon an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material produced by a party in this lawsuit, that is not identified in paragraph 2 above.

13. Nothing contained herein shall prejudice the right of any party to object to the admissibility of the Confidential Material subject to this Order for any reason permissible under applicable law. In agreeing to this Order, the parties also do not waive any privilege or objections which they may have regarding Confidential Material.

14. The parties, by agreeing to this Order, are not waiving any rights they have to obtain information or materials, in whatever form, through the discovery rules as embodied in the Federal Rules of Civil Procedure.

15. The terms of this Order shall continue unless and until modified or terminated by further order of this Court or agreement of the parties.

**IT IS SO ORDERED.**

 /s/ Patricia A. Gaughan
Honorable Patricia A. Gaughan

Date:   April   19  , 2010

**APPROVED:**

/s/ Jason R. Bristol
Jason R. Bristol (0072989)
jbristol@crklaw.com
Thomas A. Downie (0033119)
tdownie@crklaw.com
COHEN ROSENTHAL & KRAMER LLP
The Hoyt Block Building – Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
Telephone:  (216) 781-7956
Facsimile:  (216) 781-8061
*Counsel for Plaintiff*

/s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
anthony@lazzarolawfirm.com
THE LAZZARO LAW FIRM, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Telephone:  (216) 696-5000
Facsimile:  (216) 696-7005
*Counsel for Plaintiff*

/s/ Richard A. Millisor
Richard A. Millisor (006288)
RMillisor@millisor.com
MILLISOR & NOBIL CO., L.P.A.
9150 South Hills Boulevard, Suite 300
Broadview Heights, OH  44147-3599
Telephone:  (440) 838-8800
*Counsel for Defendant*

/s/ Noah A. Finkel, Esq.
Noah A. Finkel, Esq.
nfinkel@seyfarth.com
Karen L. Stephenson, Esq.
KStephenson@seyfarth.com
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois  60603
Telephone:  (312) 460-5000
*Counsel for Defendant*

-6-

  */s/ Justin D. Eichmann*
Justin D. Eichmann - #0022405
jeichmann@bradfordcoenen.com
BRADFORD & COENEN LLC
1620 Dodge Street, Suite 1800
Omaha, Nebraska 68102-1505
Telephone: (402) 342-4200
Facsimile: (402) 342-4202
*Counsel for Plaintiff*